## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CLAUDE D. COLLINS**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 08-5229**

**TRAVIS TANNON, WARDEN**                                **SECTION "S" (6)**

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose

of conducting hearings, including an evidentiary hearing, if necessary,[1] and

submission  of  proposed findings and recommendations for disposition pursuant to

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing.. For the following reasons, IT IS RECOMMENDED that petitioner's habeas petition be DENIED.

## **Procedural History**

Petitioner, Claude D. Collins was convicted via a *nolo contendre* guilty plea entered on July 1, 2008, of one count of possession with intent to distribute a Schedule II Controlled Dangerous Substance(crack cocaine), in violation of La. R.S. 40:967(A)(1); and, one count of possession with intent to distribute a Schedule I Controlled Dangerous Substance (hereinafter "CDS")(marijuana), in violation of La. R.S. 40:966(A)(1).[2] In exchange for his guilty plea, the State agreed not to multiple-bill Collins.[3] Collins was sentenced to a term of twenty (20) years for the Schedule II CDS violation and to a term of twenty (20) years for the Schedule I CDS violation, each sentence to run concurrent to each other and consecutive to any other sentence

---

[2]See State Rec. vol. 1, Transcript (Tr.) of Guilty Plea in Case No. 702496, pp. 72-75.

[3]See State Rec. vol. 1, Tr. of Guilty Plea, p. 78.

2

Collins had received.[4] Collins, with counsel, appealed his conviction and sentence, arguing that the trial judge erred in denying his request for reconsideration of sentence as the sentence received was excessive.[5] On September 11, 2009, the Louisiana Court of Appeal, First Circuit, affirmed petitioner's conviction and sentences.[6] A request for supervisory/certiorari review was subsequently denied by the Louisiana Supreme Court on April 5, 2010.[7] Previously, on or about April 15, 2009, petitioner had also filed a state post-conviction application in the state trial court, which was denied on April 24, 2009, with the words: "No Order, at 1st Circuit Court of Appeals 2009-KA-0204." The trial court denied the application, apparently noting that petitioner had yet to exhaust his appellate rights before he filed a post-conviction application.[8]

Prior to the time petitioner completed his direct appeal in the state courts,

---

[4]Defendant was also sentenced to a term of ten (10) years in Case No. 702987 for a count of possession with intent to distribute marijuana. See also State Rec. vol. 1, Transcript (Tr.) of Sentencing at pp. 60-61.

[5]See State Rec. supplemental vol. 1 for a copy of Appellate Brief filed on Collins' behalf by Attorney Hillman.

[6]See State Rec. supplemental vol. 1 for a copy of the unpublished decision in Writ No. 2009-KA-0204.

[7]See State Rec. supplemental vol. 1 for a copy of the decision in Writ No. 2009-KO-2082.

[8]As noted by the State in its supplemental response, Fed. Doc. 14 at p. 2, petitioner also filed numerous *pro se* filings with the Louisiana Supreme Court which were not properly before that court for review as none had been previously raised nor addressed by the lower state courts.

Collins also filed a petition for federal habeas relief with this court. The petition was signed and dated on December 14, 2008, mailed from Rayburn Correctional Institute on December 19, 2008, and received in this court on December 29, 2008.   On February 13, 2009, petitioner paid his filing fee and the petition was stamped as filed. The State filed a Motion to Dismiss (Fed. Doc 10), which was construed as a response to the habeas petition (Fed. Doc. 11), and a supplemental response (Fed. Doc. 14). Therein, the State argues that petitioner appears to be trying to bring claims here that have yet to be addressed by the state courts. Alternatively, the State argues, petitioner has exhausted only one claim in the state courts, i.e., the trial court's failure to reconsider an alleged excessive sentence, and that claim must fail on the merits.

   In his federal habeas corpus petition, petitioner attempts to list four claims for relief, though several are difficult to understand.  In his first ground for relief, Collins states that his U.S. Constitutional rights under the 6th Amendment and La. Constitutional Article 1, Sec. 3 rights were violated. He also states, "If a person plea of guilty for a lesser sentence or concurrent in not for a excessive sentence." (sic), apparently attempting to argue his excessive sentence claim as his attorney did earlier in the state appeal.  In his second ground, Collins complains that his 14th Amendment rights and La. [Constitution] Articles 1& 2 (equal protection) rights were violated,

4

resulting in a violation of his and others' "integrity" and depriving him of a "life of society". Ground three states that his U.S. Constitutional rights under the 4th and 14th Amendments as well as La. Constitutional Article 5 relative to an illegal search and seizure, were violated. Finally, in ground four, Collins states that his 6th, 8th and 14th Amendment rights as well as his rights under Louisiana Constitution Articles 1, 2, 3, 5, 12, and 16 were violated, as there was "no crime", "no probable cause", "no warrant" and an "illegal frisk and search". Throughout the recitation of grounds, Collins also reports that he deserves "Emergency Release". Collins offers no other support for the grounds which he attempts to raise before this court and no supporting facts. Due to the convoluted nature of the grounds listed in Collins' federal petition, the Court previously ordered that he file a "more definite statement of the facts which support his claims".[9] In that Order, this court put Collins on notice that, with the exception of his claim challenging an excessive sentence, the claims which Collins raised in the petition may subject his petition to dismissal based upon a failure to exhaust.[10] A second Order extended the time to file a supplemental response due to a

---

[9]See Fed. Doc. 13, Order dated September 13, 2010.

[10]*Ibid.*

delay in petitioner receiving the first Order.[11] Collins then filed several supplemental pleadings with the court, all equally meandering and confused.[12] None of these pleadings abandon the unexhausted claims filed by Collins in his federal habeas petition. Accordingly, it appears that petitioner wishes to proceed on the four grounds raised in his federal petition, a fact which subjects his petition to a dismissal for failure to exhaust. Alternatively, for the following reasons, if Collins does notify the court that he wishes to proceed on just his exhausted claim (the trial court erred in failing to reconsider an excessive sentence), the court finds that the exhausted claim must be denied on the merits.

## Factual Background

As explained by the Louisiana First Circuit Court of Appeal on direct appeal, petitioner entered a *nolo contendre* plea thus the facts of petitioner's offenses were not fully developed at a trial. The following facts, as set forth in the First Circuit's opinion on direct appeal, therefore, were based upon the probable cause affidavit:

> Officers were patrolling the area of M. L. King @ David at which time this officer observed the listed subject (Claude Collins) sitting on a bike in the road on David Dr[.] at M. L. King. Office got out and attempted

---

[11]See Fed. Doc. 16, Order dated Sept. 30, 2010.

[12]See Fed. Docs. 17, 18, 19 and 20.

to make contact with the subject at which time the subject attempted to flee from officer who [was] giving the subject loud verbal commands for the subject to stop.  Officer gave a short chase after the subject at which time this officer was able to catch the subject at which time the subject threw a small clear plastic bag containing 5 smaller clear plastic bags of suspect crack cocaine.  This officer was struggling with the subject at which time [Officer] Gemar and [Sergeant] Melvin assisted in taking the subject into custody . . . A search incident to arrest officer recovered a white plastic bag which contained 7 smaller plastic bags containing suspect marijuana which was in the subject['s] front right pants pocket. Officer also recovered $522.00 cash which was located in the subject['s] front pants pocket. [13]

## **Exhaustion Requirement**

Before seeking a federal writ of *habeas corpus*, a state prisoner must first exhaust his available state remedies, thereby giving the state courts the opportunity to pass upon and correct the alleged violations of his rights.  To provide the state courts with that necessary opportunity, the prisoner must fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review.  28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petition containing both exhausted and unexhausted claims is a "mixed petition". *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2447, 159 L.Ed.2d 338 (2004),

---

[13]See State Rec. supplemental vol. 1 for a copy of the unpublished decision in Writ No. 2009-KA-0204, at p. 2. See also Affidavit of Officer Brady dated August 1, 2007 at State Rec. vol. 1..

*quoting Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998).  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)  authorizes a district court to *deny* relief on an unexhausted claim, *Alexander*, 163 F.3d at 908,  *citing Nobels v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998), but a district court may not *grant* such relief absent an express waiver by the state of the exhaustion requirement.  28 U.S.C. § 2254(B)(3).  Such "mixed petitions" may be dismissed, leaving the petitioner with the choice of returning to state court to exhaust his unexhausted claims, or to amend his petition to dismiss the unexhausted claims and present only the exhausted claims to the court.  *Id.*

In this case, it is apparent from Collins' federal petition and the state court record that the only claim which has been exhausted is his claim regarding an excessive sentence.[14]  Petitioner's claims numbered (1)-(4), with the exception of the excessive sentence portion of claim (1), were never properly presented to the Louisiana Supreme Court, either on direct review or in post-conviction proceedings, and are therefore unexhausted.  Thus, petitioner's federal application is a "mixed

---

[14]See Writ application filed in 2009-KO-2082 before the Louisiana Supreme Court, located in State Rec. supplemental vol. 1.

petition" containing both exhausted and unexhausted claims which should be dismissed without prejudice. *Alexander*, 163 F.3d at 908, citing *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); see also *Whitehead v. Johnson*, 157 F.3d 384, 387 & n. 6 (5th Cir.1998).

## Excessive Sentence

In the alternative, if petitioner should choose to abandon his unexhausted claims before a higher reviewing court and proceed only on the issue of whether the trial court erred in denying reconsideration of an alleged excessive sentence claim, it is hereby recommended that the reviewing court deny the claim on the merits.

### *Standard of Review*

This habeas proceeding is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, because Collins filed his federal petition on December 14, 2008, well after AEDPA's effective date.  See *Lindh v. Murphy*, 521 U.S. 320, 335–36 (1997).  "Under AEDPA, if a state court has adjudicated a habeas petitioner's claims on the merits, he may receive relief in the federal courts only where the state court decision 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007) (quoting 28 U.S.C. § 2254(d)).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 404–08, 120 S. Ct. 1495 (2000)). To merit habeas relief, a state habeas court's application of federal law must be not only incorrect but "objectively unreasonable." *Renico v. Lett*, –U.S. –, 130 S. Ct. 1855, 1865, 176 L.Ed.2d 678 (2010). *See also*, *Shriro v. Landrigan*, -- U.S.--, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007)( "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.")

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C.

§ 2254(e)(1).

Collins complains that the trial court erred in denying reconsideration of his sentence as the sentence received is allegedly excessive.  An excessive sentence claim presents a question of law. *Davis v. Cain*, 44 F. Supp. 2d 792, 798 (E.D. La. 1999); see also *Chatman v. Miller*, 2005 WL 3588637 (E.D. La., Nov. 9, 2005)(Civ. No. 05-1481)(J. McNamara); *Jones v. Kayo*, 1999 WL 544680 (E.D. La. July 26, 1999)(Civ. No. 99-0567)(J. Berrigan).  Therefore, this court must defer to the state court on such a claim unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1).

On direct appeal, the Louisiana Court of Appeal, First Circuit, rejected petitioner's claim that his concurrent twenty-year sentences were excessive and that the trial court had failed to properly consider the sentencing guidelines as provided in La. C.Cr. P. art 894.1. The court stated, in pertinent part:

> In the instant matter, the court imposed two concurrent twenty-year sentences at hard labor.[15]  While the court did not mention LSA-C.Cr. P.

---

[15]Although petitioner also was sentenced to ten years for distribution of marijuana in another case (# 702987) and that sentence was to run consecutive to the two twenty year sentences in Case # 702496, the court noted that ten year sentence from the other case was not at issue on appeal. Petitioner also challenges only his conviction in Case No. 702496 in his federal petition (see Fed.

art. 894.1 by name, it is clear it considered the article by its thorough review of the defendant's presentence investigation report, which indicated an extensive criminal history.  The court noted defendant had a juvenile record that was "not of any particular importance."[16]  As to defendant's adult record, the court discussed 20 arrests or convictions spanning a seven year period.[17] Many of the charges were dismissed or *nol-prossed*.  Misdemeanor convictions included flight from an officer, carnal knowledge of a juvenile, and simple assault. Felony convictions included possession of a Schedule II controlled dangerous substance based on a 2007 guilty plea, and distribution of marijuana based on a 2008 guilty plea.[18]

Defendant entered pleas of *nolo contendre* to the present charges in exchange for the State's foregoing the filing of a habitual offender bill and to have three counts of resisting an officer *nol-prossed*.[19] Without being billed as a habitual offender, defendant faced a maximum sentence of thirty years. Had the State filed a habitual offender bill, defendant, if adjudicated a third-felony offender, faced a maximum sentence of sixty years.  See LSA-R.S. 15.529.1(A)(1)(b)(I). Considering the court's thorough review of defendant's criminal history, the benefit, in terms of sentencing exposure, defendant received in entering pleas of *nolo contendre*, and the fact that defendant was sentenced to only twenty years imprisonment, we find no abuse of discretion by the court. The sentences are not grossly disproportionate to the severity of the offenses

---

Doc. 3 at p. 1) although he mentions the 10 year sentence received in Case #702987.

[16]The court noted petitioner was adjudicated a delinquent for resisting an officer and had received a 6 month sentence as a juvenile.

[17]The court noted that petitioner was 26 years old at the time of sentencing.

[18]The court noted that neither of the felony convictions were the two convictions for which petitioner was being sentenced at that time.

[19]Although the nol-prossing of the three counts of resisting an officer were not mentioned during the rendering of petitioner's guilty plea, the support for such charges are evident in the affidavit of probable cause.

and, therefore, are not unconstitutionally excessive.  The court did not err in denying defendant's motion to reconsider sentence.

To the extent petitioner is arguing that his sentence is excessive under Louisiana law or that the trial judge erred to follow the state sentencing guidelines, that claim is not cognizable in this federal proceeding. Federal habeas corpus relief is available only for violations of federal constitutional law and, therefore, this Court does not sit to review alleged errors of state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir.1998).  Accordingly, this Court will not review the state court's findings regarding the constitutionality of petitioner's sentence under state law.

Moreover, federal courts accord broad discretion to a state trial court's sentencing decision that falls within statutory limits.  *Haynes v. Butler*, 825 F. 2d 921, 923-24 (5th Cir. 1987); *Turner v. Cain*, 199 F.3d 437 (5th Cir. 1999) (unpublished) (sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable habeas claim for excessive sentence). If a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is grossly disproportionate to the gravity of the offense. *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Solem v. Helm*, 463 U.S. 277 (1983).

Further, to the extent that petitioner is claiming that his sentence is excessive

13

under the Eighth Amendment of the United States Constitution, his claim is without

merit. In *Solem v. Helm*, 463 U.S. 277, 284, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983),

the Supreme Court held that the Eighth Amendment "prohibits not only barbaric

punishments, but also sentences that are disproportionate to the crime committed."

"This constitutional principle is tempered, however, by the corollary proposition that

the determination of prison sentences is a legislative prerogative that is primarily

within the province of legislatures, not courts." *United States v. Gonzales*, 121 F.3d

928, 942 (5th Cir.1997) (citing *Rummel v. Estelle*, 445 U.S. 263, 274-76, 100 S.Ct.

1133, 63 L.Ed.2d 382 (1980)). "[C]ourts must grant substantial deference to the broad

authority that legislatures necessarily possess in determining the types and limits of

punishments for crimes." *Gonzales*, 121 F.3d at 942 (quotation marks omitted).

"[T]herefore, it is firmly established that successful challenges to the proportionality

of punishments should be exceedingly rare." *Id.* (quotation marks omitted).

Interpreting *Solem* in light of intervening precedent, the United States Fifth

Circuit Court of Appeals has set forth the framework to be used when analyzing a

sentence that is challenged as being excessive:

> [W]e will initially make a threshold comparison of the gravity of
> [petitioner's] offenses against the severity of his sentence. Only if we
> infer that the sentence is grossly disproportionate to the offense will we

> then ... compare the sentence received to (1) sentences for similar crimes
> in the same jurisdiction and (2) sentences for the same crime in other
> jurisdictions.

*McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992).  Therefore, petitioner is not entitled to relief unless he can demonstrate that his sentence is grossly disproportionate to the underlying offense by comparing the gravity of that offense against the severity of the sentence.

In determining the proportionality of a sentence, this Court must look to *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), which "establishes a benchmark for disproportionate punishment under the Eighth Amendment." *Gonzales*, 121 F.3d at 943. In *Rummel*, the Supreme Court upheld a petitioner's sentence to life imprisonment for obtaining $120.75 under false pretenses. The sentence was imposed under a Texas recidivist statute and took into account petitioner's prior convictions for fraudulent use of a credit card and passing a forged check. The United States Fifth Circuit Court of Appeals has held:

> We acknowledge that the distinction between constitutional sentences
> and grossly disproportionate punishments is an inherently subjective
> judgment, defying bright lines and neutral principles of law.
> Nevertheless, we can say with certainty that the life sentence approved
> in *Rummel* falls on the constitutional side of the line, thereby providing
> a litmus test for claims of disproportionate punishment in violation of the
> Eighth Amendment.

*Gonzales*, 121 F.3d at 943 (footnote omitted).

Applying this standard and considering the *Rummel* finding that a life sentence was not excessive when imposed for a nonviolent property offense where the habitual offender had two prior nonviolent property offenses, this Court must conclude that petitioner's sentences to two concurrent terms of twenty years for one count of possession with intent to distribute crack cocaine and one count of possession with intent to distribute marijuana was not grossly disproportionate in light of the severity of petitioner's offense. The United States Fifth Circuit Court of Appeals reached a similar conclusion in a challenge to a life sentence given to a petitioner for distribution of heroin in *Terrebonne v. Blackburn*, 646 F.2d 997 (5th Cir. 1981). That court noted that, ". . . The drug seller, at every level of distribution, is at the root of the pervasive cycle of drug abuse. Measured thus by the harm it inflicts on the addict, and, through him, upon society as a whole, drug dealing in its present epidemic proportions is a grave offense of high rank." *Terrebonne v. Blackburn*, 646 F.2d 997, 1002 (5th Cir.1981), *citing State v. Terrebonne*, 364 So.2d 1290, 1292 (La. 1978). *See also*, *Smith v. LeBlanc*, 2004 WL 551215 (E.D.La. Mar.18, 2004) (Civ. No. 03-2194) (Berrigan, J.) (holding that a twenty-two year sentence for distribution of $20 worth of crack cocaine was not excessive).

16

In that the sentence is not grossly disproportionate to petitioner's crime, this Court's "inquiry is finished." *Gonzales*, 121 F.3d at 942. Petitioner's sentence was within the statutory limits and, in return for his guilty plea, he received the benefit of not being multiple-billed.  Petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects petitioner's claim that his sentence was excessive.  Accordingly,

## <u>RECOMMENDATION</u>

For the foregoing reasons, IT IS RECOMMENDED that the federal habeas petition of Claude Collins be DISMISSED WITHOUT  PREJUDICE for failure to exhaust his state court remedies relative to all of the claims brought in his federal petition.

In the alternative, if petitioner chooses to abandon his exhausted claims, the petition should be denied on the merits with prejudice relative to the issue of excessive sentence.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14

17

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[20]

New Orleans, Louisiana, this 24th day of January, 2011.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[20]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.